### UNITED STATES of America

v.

**Monzer AL KASSAR, Tareq Mousa Al Ghazi, and Luis Felipe Moreno Godoy, Defendants.**

No. S3 07 CR 354(JSR).

United States District Court, S.D. New York.

Oct. 23, 2008.

Boyd M. Johnson, U.S. Attorney's Office, New York, NY, for United States of America.

Ira Lee Sorkin, Dickstein Shapiro LLP, Marc Antony Agnifilo, Brafman & Associates, P.C., Roger Lee Stavis, Gallet Dreyer & Berkey LLP, New York, NY, for Defendants.

### *MEMORANDUM ORDER*

JED S. RAKOFF, District Judge.

Defendant Monzer Al Kassar, on behalf of himself and his co-defendants Tareq

Mousa Al Ghazi and Luis Felipe Moreno Godoy, requests that the Court allow Haiffa Al Kassar, Mr. Al Kassar's 24 year old daughter, to testify at trial. In support of this request, on October 17, 2008 the defense submitted, *ex parte* and under seal, a proffer pursuant to Federal Rules of Evidence 401 and 402 as to what Ms. Al Kassar would say if called to testify.[1]

Ms. Al Kassar allegedly previously has been denied admission to this country pursuant to 8 U.S.C. § 1182(a)(3)(B). While the parties agree that this Court has no direct jurisdiction over the Government's application of this statute to Ms. Al Kassar, there is no question that the statute must bend to the Constitutional requirements of due process.

It is clear from the defense's submission that although much of Ms. Al Kassar's testimony might well be inadmissible at trial, there is a kernel of her testimony that nevertheless could become both admissible and material as potential impeachment of what the defense believes certain Government witnesses will testify to. Accordingly, in the normal course, Ms. Al Kassar would be listed as a potential witness for trial, and would be prepared to testify if the Court deemed her testimony at that point appropriate for purposes of impeachment or otherwise.

The only impediment standing in the way of her voluntary appearance at this point is the alleged application of a statute that does not, on its face, appear to meet her situation. The Court has great hopes, however, that in order to avoid difficult Constitutional issues and to allow for the most sensible approach to this trial, the Government will arrange for her ability to appear at trial as a witness.[2] Because, as a witness, Ms. Al Kassar would be excluded from the courtroom in any event, there is no need for her to appear or be admitted to this country prior to shortly before the start of the defense's case, which would be no earlier than November 18, 2008.

SO ORDERED.

---

1. The defense originally sought leave to file a proffer regarding Ms. Al Kassar's testimony during an October 15, 2008 telephone conference. The *ex parte* sealed proffer makes reference to another witness, however, who was not mentioned during the October 15 conference. Because the Government had no opportunity to respond to any initial request for this witness's testimony, the Court accordingly does not address the defense's proffer regarding the relevance of such testimony.

2. If there are any security concerns about Ms. Al Kassar that have not yet been made apparent to the Court, the Government is hereby granted leave to file an *ex parte* submission regarding this issue.